UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRITTANY SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. _____ |
| ) | |
| ALEX A. CHESNUT, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant Alex A. Chesnut's (Defendant) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") in his illegal efforts to attempt to collect a consumer debt from Plaintiff Brittany Sellers (Plaintiff).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts and omissions giving rise to the Plaintiff's claims occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff is a natural person who resides in Hamblen County, Tennessee.

5. Defendant is a natural person who resides in Greene County, Tennessee and is an owner or employee of Chesnut Law Office, LLP (Chesnut Law), located at 112 S Main St, Greeneville, TN 37743-4922.

## FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant, acting as an agent for his clients, regularly engages in collection of consumer debts by: (a) using instrumentalities of interstate commerce or the mails to communicate through telephone calls and collection letters, (b) preparing civil summons and sworn affidavits to use in the filing of collection lawsuits, (c) paying filing fees to court clerks and process service fees to process servers for filing and serving collection lawsuits, and (d) attempting to collect debts in person, all in an effort to collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), allegedly for a deficiency on a vehicle loan originally owed to or serviced by G Finance Inc/AAA Used Cars (G Finance) (debt).

9. After default, G Finance hired the Defendant to attempt collection of the debt from Plaintiff.

*Collection Communications*

10. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

*Collection Lawsuit*

11. On or about July 30, 2018, Greeneville Collection Service, Inc. (Greeneville Collection) drafted and prepared an "Affidavit of Sworn Account" (sworn affidavit) and presented it to G Finance which had an individual named Lisa Emmette (Ms. Emmette), an employee or agent of G Finance, allegedly signed the sworn affidavit in front of a notary named Pamela L. Bowers, an employee of Greeneville Collection.

12. On information and belief, after the sworn affidavit was signed by Ms. Emmette, Greeneville Collection provided the signed sworn affidavit to the Defendant, who prepared a civil summons and signed it before filing the civil summons and sworn affidavit in state court on July 31, 2018 (collection lawsuit). **Copy filed as exhibit 1 to this Complaint.**

13. By preparing and signing the civil summons and filing the collection lawsuit against the Plaintiff, the Defendant was involved in bringing the action in the form of the collection lawsuit against the Plaintiff. **See exhibit 1.**

14. On July 31, 2018, the Defendant or someone in his office filed the collection lawsuit against the Plaintiff in state court. **See exhibit 1.**

15. After the collection lawsuit was filed, the state court clerk provided the original and copies to the Defendant or someone in his office for service on Plaintiff and the other state court defendant in the collection lawsuit. **See exhibit 1, p. 1.**

16. After receipt from the state court clerk, the Defendant or someone in his office forwarded the original and copies to Greeneville Collection, which hired a process server to attempt service on Plaintiff and the other state court defendant in the collection lawsuit.

17. The civil summons states that G Finance is the state court plaintiff and that the collection lawsuit was brought by G Finance "for an account past due and owing in the amount of $3570.33, plus court costs in the amount of $150.00 and service of process fees in the amount of $52.00." **See exhibit 1, p. 1.**

18. The civil summons also states: "This is an attempt to collect a debt; and any information obtained will be used for that purpose." **See exhibit 1, p. 1.**

19. The sworn affidavit states that:

    > CREDITOR: G FINANCE INC/AAA USED CARS
    > DEBTORS(S): MICHAEL GENE BROOKS AND BRITTANY SELLERS
    > DATE OF SERVICE: 10/19/2012
    > BALANCE: $3570.33
    > ACCOUNT #1763
    > AGENCY #378166

    **See exhibit 1, p. 2.**

20. The sworn affidavit also states:

    > THE UNDERSIGNED, PLAINTIFF OR PLAINTIFF'S AUTHORIZED AGENT MAKES OATH BASED ON PERSONAL KNOWLEDGE THAT THE ANNEXED ACCOUNT IS JUST, DUE AND UNPAID. ALL LAWFUL OFFSETS, CREDITS AND PAYMENTS HAVE BEEN ALLOWED AND THE CORRECT BALANCE IS SHOWN ABOVE FOR SERVICES RENDERED AND/OR GOODS SOLD AND DELIVERED TO THE DEBTOR OR ON THE DEBTOR'S BEHALF AT THE DEBTOR'S SPECIAL REQUEST.
    >
    > TO THE BEST OF MY INFORMATION AND BELIEF, AFTER INVESTIGATION OF DEFENDANT'S EMPLOYMENT, I HEREBY MAKE AFFIDAVIT THAT THE DEFENDANT IS/IS NOT A MEMBER OF A MILITARY SERVICE.

> BY SIGNATURE BELOW, PLAINTIFF OR PLAINTIFF'S AGENT GIVES AUTHORIZATION FOR ALEX A. CHESNUT, ATTORNEY AT LAW, TO REPRESENT THEM IN THIS MATTER.

**See exhibit 1, p. 2.**

21. The civil summons and sworn affidavit were filed in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. The collection lawsuit was the initial communication from Chesnut in connection with collection of the debt.

23. The collection lawsuit sought to collect a consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the alleged balance owed for a deficiency on a vehicle loan.

## FDCPA CLAIMS

24. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

25. Congress passed the FDCPA because:

   **(a)  Abusive Practices**

   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   **(b)  Inadequacy of Laws**

   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available Non-Abusive Collection Methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**15 U.S.C. §§ 1692 (a), (b), and (c).**

26. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

27. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

28. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

6
Case 2:19-cv-00110-TAV-MCLC   Document 1   Filed 06/26/19   Page 6 of 13   PageID #: 6

***Failure to Send a Notice That Contains the Disclosures Required by 15 U.S.C. § 1692g***

29. General Sessions Courts always have been and are still recognized as informal courts and although the civil summons may be considered a pleading, it is not considered by Tennessee courts to be a formal pleading.[1]

30. The FDCPA, 15 U.S.C. §1692g(a)(1), requires that:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

    --

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

---

[1] *Weaver v. Cromer*, 392 S.W. 2d 835, 836 (Tenn. App. 1965) (citing *Wood v. Hancock*, 23 Tenn. 465, 1844 Tenn. Lexis 138 (Tenn. 1844)). Also see *Vinson v. Mills*, 530 S.W. 2d 761, 765 (Tenn. 1975); *Ware v. Meharry Medical College*, 898 S.W. 2d 181, 185 (Tenn. 1995); *Emrick v. Moseley*, 2014 Tenn. App. LEXIS 448, 2014 WL 3778567 (Tenn. App. 2014).

31. The collection lawsuit states the name of the creditor who allegedly is owed the debt is G Finance.  **See exhibit 1.**

32. The collection lawsuit states the amount of the debt allegedly owed by the Plaintiff to G Finance is $3,570.33.  **See exhibit 1.**

33. Within five days after the initial communication in the form of the collection lawsuit, the Plaintiff had not paid the debt, and the Defendant failed to send the Plaintiff a written notice containing the required disclosures in 15 U.S.C. § 1692g(a)(3) – (5).

34. By failing to send the Plaintiff a written notice containing the required disclosures within five days after the initial communication by the Defendant in connection with collection of the debt in the form of the collection lawsuit, the Defendant violated 15 U.S.C. § 1692g(a)(3) – (5).

*Filing Collection Lawsuit on Time-Barred Debt*

35. Tennessee Code Annotated § 47-2-275 states that:

    (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued.  By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

    (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.

36. The cause of action for filing of a lawsuit in an attempt to collect the debt accrued when the breach on the sales contract occurred, which was on or before January 29, 2013, which was the date G Finance provided the Plaintiff notice of its plan to sell the vehicle sold and financed by G Finance.  **See copy of Notice of Sale of Collateral filed as exhibit 2 to this Complaint; Tenn. Code Ann. § 47-2-725(1).**

37. No payments were made by the Plaintiff or cosigner to G Finance after the breach of contract.

38. Nothing in the July 31, 2018 collection lawsuit disclosed that: (a) the collection of the debt by the filing of the collection lawsuit against the Plaintiff was barred by the statute of limitations, and (b) a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See Graves v. Sawyer*, 588 S.W.2d 542, 544 (Tenn. 1979).

39. Defendant knew or should have known that the statute of limitations for collection of the alleged debt had expired and/or Defendant willfully or negligently failed to make a reasonable investigation as to the date when the alleged debt went into default.

40. By filing the lawsuit on a time-barred debt, without having first determined after a reasonable inquiry that the limitations period had not expired, Defendant violated 15 U.S.C. §§ 1692e and 1692f.

41. The communications by Defendant in the form of the civil summons and sworn affidavit were collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(e)(5), 1692e(8), 1692e(10), and 1692(f), amongst others.

*False Representation or Implication That Communication is From an Attorney*

42. The FDCPA prohibits Defendant from representing that a document comes from an attorney unless an actual attorney has meaningfully reviewed the document, and any documents supporting the allegations in the document.

43. Prior to filing the collection lawsuit, Defendant failed to review any of the underlying facts or documents supporting the allegations in the civil summons and sworn affidavit,

including the date of the breach of the retail installment sales contract (RISC), the date the last payment was made by the Plaintiff or cosigner on the RISC, and what other collection efforts had already been made, to determine if the Plaintiff was an appropriate candidate for a civil suit at the time the collection lawsuit was filed.

44. Listing Defendant as G Finance's attorney on the civil summons and sworn affidavit falsely represents or implies to the least sophisticated consumer that an attorney was professionally involved in Plaintiff's file before the collection lawsuit was filed.

45. Communications in the form of the civil summons and sworn affidavit were false, deceptive, and misleading because they were not "from" an attorney in the meaningful sense of the word, and some degree of attorney involvement is required before a communication will be considered "from" an attorney within the meaning of the FDCPA.

46. Listing Defendant as G Finance's attorney on the civil summons and sworn affidavit is sufficient to give the least sophisticated consumer the false impression that these communications were from an attorney who had made a meaningful review of the facts alleged in the collection lawsuit prior to it being filed, in violation of 15 U.S.C. § 1692e(3).

47. Upon being served the collection lawsuit, the least sophisticated consumer, may reasonably believe that an attorney has reviewed his or her file and has determined that he or she is a candidate for legal action.

48. Listing Defendant as G Finance's attorney in the collection lawsuit when he had not been meaningfully involved with Plaintiff's account prior to the filing of the collection lawsuit violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading

communications because it falsely implies that an attorney, acting as an attorney, is involved in collection of the debt.

*Summary*

49. Defendant failed to provide the required notices within five days after the initial communication by Defendant in connection with collection of the debt in the form of the collection lawsuit, in violation of 15 U.S.C. §§ 1692g(a)(3) – (5).

50. Defendant engaged in false, deceptive, misleading, and unfair acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), 1692e(10), and 1692f, by attempting to collect from Plaintiff with communications in the form of the civil summons and sworn affidavit : (1) on a time-barred debt that did not disclose the facts that: (a) the collection of the debt by the filing of the collection lawsuit against the Plaintiff was barred by the statute of limitations, and (b) a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See Buchanan v. Northland Group*, 776 F.3d 393 (6th Cir. 2015), and (2) that listed Defendant as G Finance's attorney on the collection lawsuit when he had not been meaningfully involved with Plaintiff's account prior to filing the collection lawsuit, which is sufficient to give the least sophisticated consumer the false impression that the collection lawsuit includes communications from an attorney, in violation of 15 U.S.C. § 1692e(3). See *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F. 3d 433 (6th Cir. 2008).

51. Defendant's above-detailed conduct in connection with collection of the debt was conduct in violation of numerous and multiple FDCPA provisions including, but not limited to the above-cited provisions.

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  **US Const. amend. 7.  Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I-X.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5)
1692e(8), 1692e(10), 1692f, 1692g(a)(3) – (5)**

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitutes numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to each and every one of the above-cited FDCPA provisions.

55. As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

### COUNT I-X.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5)
1692e(8), 1692e(10), 1692f, 1692g(a)(3) – (5)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

06/26/19                                    Respectfully submitted,

**BRITTANY SELLERS**


s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com


s/      Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com

Attorneys for Plaintiff